# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | } |
| **Plaintiff,** | } |
| v. | }  Case No. 2:07-CV-0265-RDP |
| **SANDRA M. SWINDLE,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

The court has before it Plaintiff United States of America's ("Plaintiff") Motion for Entry of Default and Judgment by Default against Defendant Sandra M. Swindle ("Swindle" or "Defendant") (Doc. # 4) based upon Swindle's failure to appear or otherwise respond to the allegations of the complaint. For the reasons outlined below, the motion is due to be granted.[1]

This action was commenced on February 8, 2007, by the filing of Plaintiff's complaint seeking a judgment against Defendant for monies allegedly owed to Plaintiff by Defendant. (Doc. # 1). A copy of the summons and complaint was served on Swindle on March 11, 2007, by personal service on Swindle by process server. (Docs. # 2 & 3). To date, Swindle has neither filed anything with the court in her defense nor contacted the court in any manner about this case, despite being served with a summons, a complaint, and the pending Motion for Entry of Default and Judgment by Default. Therefore, in response to Plaintiff's May 9, 2007 Motion for Entry of Default and Judgment by Default (Doc. # 4), default was entered by the Clerk of Court and against Swindle on May 9,

---

[1] The Findings and Conclusions (Doc. # 6) and Judgment by Default (Doc. # 7) each entered by the Honorable Robert B. Propst are **SET ASIDE**.

2007. (Doc. # 5).

Plaintiff now seeks a Federal Rule of Civil Procedure 55(b) default judgment against Swindle for monetary damages in the amount of $11,981.57, which includes the principal amount of the loan, accrued interest, costs of the process server, and court costs, plus postjudgment interest at the contractual rate of 7.94% per annum. (Doc. # 4). Rule 55 (b) states in relevant part:

> (b) [Default] Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55(b)(1),(2). Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[2] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge

---

[2] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a).

to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Swindle is appropriate because all of the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony evidencing that Swindle is not an infant or incompetent person (Doc. # 4, Ex. A), and has failed to make payments owed pursuant to a contractual obligation for an educational loan despite the fact that Plaintiff has complied with its contractual obligation to loan Swindle money and to invoice Swindle for payment. (Doc. # 1; Doc. # 4, Ex. B). Upon default, the well-pleaded allegations of a complaint are taken as true. *See, e.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because Defendant Swindle has previously been declared in default by the court's Order of May 9, 2007 (Doc. # 5), Swindle's liability is established. *Id.*

The affidavit testimony indicates that the monetary damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain, to wit: $11,981.57 in principal (as of May 9, 2007) in addition to interest on the outstanding loans at the contractual rate of 7.94% per annum. (Doc. # 4, Ex. B). Accordingly, Rule 55(b)(1)—and not 55(b)(2)—governs this case. Moreover, because the damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." FED. R. CIV. P. 55(b)(1). *See, e.g., United States Artist Corp. v. Freeman*, 605

F.2d 854, 857 (5th Cir. 1979)[3] ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Therefore, based upon the court's review of the affidavit testimony and its analysis of the relevant case law, Plaintiff's request for the entry of a final default judgment against Swindle is due to be granted, and Plaintiff is due to recover from Swindle the total sum of $11,981.57 in principal (as of May 9, 2007) plus interest on the outstanding loans at the contractual rate of 7.94% per annum. The court will enter a final default judgment in favor of Plaintiff and against Swindle that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___11th___ day of May, 2007.

                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.